IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| BRYAN CHARLES ARMSTRONG, | CV 25–15–BU–DLC |
| Plaintiff, | |
| vs. | ORDER |
| BUTTE-SILVER BOW COUNTY, ED LESTER, MARK JOHNSON, and CAPTIAN RAY VAUGHN, | |
| Defendants. | |

Plaintiff Bryan Charles Armstrong, a state pretrial detainee proceeding pro se, alleges that his constitutional rights were violated when he was not provided with toothpaste for several weeks at the Butte-Silver Bow Detention Center. (Doc. 2.) He names as defendants Butte-Silver Bow County, Sheriff Ed Lester, Chief Mark Johnson, and Captain Ray Vaughn (collectively, "Defendants"). (*Id.*) Defendants have moved for summary judgment on the ground that Armstrong was not denied toothpaste and, even if he had been, he cannot show that Defendants were deliberately indifferent. (Docs. 17–20.) Despite being given additional time to do so, (*see* Doc. 23), Armstrong has not responded to the motion.[1] For the

---

[1] The docket indicates that Armstrong did not update his address with the Court

1

reasons stated below, Defendants' motion is granted.

## BACKGROUND

The following facts are undisputed unless otherwise noted, (*see* Doc. 19), and viewed in the light most favorable to Armstrong, *Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (per curiam).

### I.    Armstrong's Claims

From April 30 to August 2024, Armstrong was a pretrial detainee at the Butte-Silver Bow Detention Center (the "Detention Center") in Butte, Montana. (Doc. 19 at ¶ 1.)  Armstrong alleges that that he was without toothpaste from April 30 to May 31, 2024 and from July 16 to August 17, 2024.  (Doc. 2 at 5.)  According to Armstrong, he filed several grievances alleging that he was denied toothpaste for multiple weeks.  (*See id.* at 7.)  There was either no response to those grievances or prison staff indicated that toothpaste had been on back order. (*See id.* 7–8.)  While Armstrong alleges that the lack of toothpaste resulted in tooth decay, stomachache, and removal of teeth, (*see id.* at 5), Armstrong did not submit any requests for medical or dental treatment, (Doc. 19 at ¶ 28).

### II.   Toothpaste Procurement

Chief Johnson was responsible for ordering the hygiene products for inmates

---

and the latest order was mailed multiple times to different addresses.  The last mailing occurred on October 27, 2025, and was not returned.  (*See* Doc. 25.)

2

at the Detention Center from the Bob Barker Company ("Bob Barker"), which is a nationwide supplier for federal, state, and local corrections and detention facilities. (Doc. 19 at ¶ 4.) On April 29, 2024, Johnson ordered 10 cases of toothpaste from Bob Barker, each containing 144 .85-ounce tubes of Nature Mint toothpaste. (*Id.* ¶ 5.) The Detention Center received that order within a week or less. (*Id.* ¶ 6.)

On May 2, 2024, Johnson ordered an additional 15 cases of toothpaste from Bob Barker. (*Id.* ¶ 9.) Upon placing that order, Johnson was notified that the toothpaste was on "backorder and would ship separately" from the remainder of the Detention Center's order. (*Id.* ¶ 10 (alteration omitted).) There is no indication the Detention Center ever received the backordered toothpaste.

On June 11, 2024, Johnson ordered 4 cases containing 1,000 .28-ounce packets of Nature Mint toothpaste from Bob Barker. (*Id.* ¶ 11.) Upon placing that order Johnson was once again informed that the toothpaste was on "backorder and would ship separately." (*Id.* ¶ 12 (alteration omitted).) There is no indication that the Detention Center ever received the backordered toothpaste.

On June 14, 2024, Johnson ordered 4 cases containing 240 .85-ounce tubes of Colgate toothpaste from Bob Barker. (*Id.* ¶ 13.) The Detention Center received this order during the week of June 17, 2024. (*Id.* ¶ 14.)

In July 2024, inmates complained about toothpaste because tubes were not available for purchase at the canteen. (*Id.* ¶ 16.) As a result, on July 16, 2024, the

Detention Center purchased additional toothpaste from the Dollar Tree in Butte. (*Id.* ¶ 17.) This toothpaste was provided to inmates individually in plastic cups distributed by detention staff. (*Id.*) According to Defendants, each cup provided enough toothpaste to last for one week but additional toothpaste could be distributed if necessary. (*Id.*)

On August 9, 2024, Johnson ordered 1 case containing 1,000 .15-ounce packets of Colgate toothpaste and 5 cases containing 240 .85-ounce tubes of Colgate toothpaste from Bob Barker. (*Id.* ¶ 18.) This order was received by the Detention Center the week of August 12, 2024. (*Id.* ¶ 19.) In the interim, on August 11, 2024, the Detention Center purchased additional toothpaste from the Dollar Tree in Butte, which was once again distributed in plastic cups. (*Id.* ¶ 23.)

On September 6, 2024, Johnson ordered 8 cases containing 240 .85-ounce tubes of Colgate toothpaste from Bob Barker. (*Id.* ¶ 25.) The Detention Center received this order the following week. (*Id.* ¶ 26.)

According to Johnson, "[e]ach inmate/pre-trial detainee uses approximate one tube [of toothpaste] per week." (Doc. 20 at ¶ 11.) With an average inmate population of 134 individuals, Johnson opines there would have been more than enough toothpaste received in the above orders to satisfy all inmate needs. (*See id.* at ¶¶ 10, 11, 18, 23, 24, 30.)

**III.    Procedural Background**

4

On January 29, 2025, Armstrong filed suit, alleging that the lack of toothpaste violated his Eighth and Fourteenth Amendment rights. (Doc. 2.) On March 14, 2025, Defendants were ordered to answer, (Doc. 8), and they did so on May 6, 2025, (Doc. 14). A scheduling order was entered, (Doc. 15), and Defendants filed the present motion for summary judgment on July 24, 2025, (Doc. 17). That motion is accompanied by the requisite Rand notice. (Doc. 21.) Despite Armstrong's failure to respond, Defendants' motion must still be evaluated on the merits. *See Evans v. Indp. Order of Foresters*, 141 F.3d 931, 932 (9th Cir. 1998).

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it impacts the outcome of the case in accordance with governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* All reasonable inferences must be viewed in the light most favorable to the nonmoving party. *Tatum v. Moody*, 768 F.3d 806, 814 (9th Cir. 2014). Nonetheless, the nonmoving party must identify, with some reasonable particularity, the evidence that it believes precludes summary judgment. *See Soto v. Sweetman*, 882 F.3d 865, 872 (9th Cir. 2018) (explaining that while pro se

5

parties are exempted from "*strict* compliance with the summary judgment rules," they are "not exempt[ed] . . . from *all* compliance[,]" such as the requirement to identify or submit competent evidence in support of their claims).

## ANALYSIS

The Due Process Clause requires that pretrial detainees be provided with adequate food, clothing, shelter, sanitation, and medical care. *See Shorter v. Baca*, 895 F.3d 1176, 1185 (9th Cir. 2018) (addressing outdoor exercise). To prove a due process violation based on the conditions of confinement, a plaintiff must show:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018). The deprivation of basic hygiene items, such as toothpaste, can be considered a constitutional violation if it results in significant harm or poses a substantial risk of serious harm. *See Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989) ("Dental care is one of the most important medical needs of inmates.").

Here, Defendants assert that they are entitled to summary judgment on the grounds that there is no Fourteenth Amendment violation because the Detention Center had sufficient toothpaste for all inmates during the timeframe of

6

Armstrong's allegations and Defendants took reasonable available measures to abate the risk.[2]  Because Defendants are correct as to the latter, summary judgment is granted in their favor.

A.   **Toothpaste Supply**

Defendants first argue that Armstrong's claim fails on the merits because the undisputed facts show that the Detention Center had sufficient toothpaste for all inmates during the relevant timeframe.  This argument is not premised on any evidence or testimony as to conditions on the ground at the time; rather, Defendants argue there was sufficient, available toothpaste because, mathematically, the facility ordered enough toothpaste to equip the average inmate population of 134 individuals with one "tube" per week.  (*See generally* Doc. 19; Doc. 20 at ¶ 11.)  Although Armstrong has presented no evidence regarding this issue, the very premise of his claim is that he was not given toothpaste during the identified periods.  (*See* Doc. 2 at 5.)  Defendants' calculations about order amounts and average use does not directly contradict that assertion.  There is a fundamental difference between whether there should have been enough toothpaste and whether there actually was enough toothpaste.  Recognizing that Armstrong

---

[2] Defendants also argue that Armstrong has failed to meet the standard for municipal liability.  *See Horton v. City of Santa Maria*, 915 F.3d 592, 602–03 (9th Cir. 2019).  Because Armstrong's Fourteenth Amendment claim fails on the merits, this argument is not addressed here.

has failed to carry his summary judgment burden, *see Soto*, 882 F.3d at 872, a genuine issue of fact likely remains as to this issue. Nevertheless, Defendants' efforts to obtain toothpaste and provide it to inmates shows they were not constitutionally culpable as discussed below.

### B.     Reasonable Available Measures

Defendants further argue that Armstrong cannot show the third element under *Gordon* is met here. Given the record, that argument is persuasive. "With respect to the third element [under *Gordon*], the defendant's conduct must be objectively unreasonable, a test that will necessarily turn on the facts and circumstances of each particular case." *Gordon*, 888 F.3d at 1125 (cleaned up). Ultimately, "the plaintiff must prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id.* (quotation marks and footnote omitted). "The mere lack of due care by a state official does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." *Id.* (quotation marks omitted). Here, the undisputed facts show that Defendants consistently ordered or attempted to order toothpaste for inmates. (*See generally* Doc. 19.) While there were delays in receiving toothpaste and Defendants did not immediately seek an alternative supply of toothpaste, the record does not support a finding that Defendants' alleged failure to provide toothpaste amounted to reckless disregard. To the contrary, the record shows that, despite the delay, Defendants

took "reasonable available measures to abate th[e] risk," *Gordon*, 888 F.3d at 1125, including switching the type of toothpaste ordered and proactively buying toothpaste from a local vendor in the interim, (*see generally* Docs. 19, 20). Armstrong's claim therefore fails on this ground.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that Defendants' motion for summary judgment (Doc. 17) is GRANTED. The Clerk is directed to enter judgment in favor of Defendants and close the case file.

DATED this 11th day of December, 2025.

Dana L. Christensen, District Judge
United States District Court